LYDIA A., JANE M. AND MARGARET STIKELEATHER v. WILLIAM STIKELEATHER.

*Construction of Will—Jurisdiction of Justice of the Peace.*

A testator's will contained the following provision : " It is my will, and I direct, that my real estate and personal property be kept together for the use and benefit of my four daughters (naming them) as long as they, or any two of them, will remain together," and three of them, (one having died,) the year after testator's death, lived and raised on the land devised a bale of cotton, which the executor took and sold ; *Held,* that they were entitled to recover, and that a Justice of the Peace had jurisdiction of the action.

CIVIL ACTION, heard before *Clark, J.,* at November Term, 1887, of IREDELL Superior Court, on appeal from a Justice of the Peace.

It appears that Nicholas Stikeleather died in 1885, leaving a last will and testament, which was duly proven.

The following is a copy of so much thereof as it is necessary to set forth here:

Item 3d. It is my will, and I direct, that my real estate and personal property be kept together for the use and benefit of my four daughters, Susan Stikeleather, Jane Malinda Stikeleather, Margaret E. Stikeleather, and Lydia A. Stikeleather, as long as they, or any two of them, will remain together; and in the event that my four daughters, aforementioned in this item of my will, or any of them, fail to agree or remain together, then I give and devise all my real estate and personal property to my children above.

The defendant qualified as executor of the will.

The following is a copy of the case agreed, submitted to the Court, the action having been commenced before a Justice of the Peace, and brought, by appeal, to the Superior Court, and a jury trial being waived:

It is agreed that the plaintiffs raised and picked out the bale of cotton in controversy, on the farm on which they now live, the same being the tract of land which belonged to Nicholas Stikeleather at the time of his death, and being the real estate described in said will.

It is agreed that plaintiffs took the cotton to the gin, the defendant having told their hired man to take it there, and that defendant went to the gin and took the cotton to Statesville and sold it for 8 45-100 cents per pound, there being 434 pounds of the cotton; ten cents off for weighing.

Plaintiffs are the only surviving daughters of Nicholas Stikeleather, Susan being dead, and they lived on the land described ever since his death, which was in 1885. The bale of cotton sued for was raised in 1886.

It is agreed, that if, upon the above facts, the justice should believe that the cotton belongs to plaintiffs, he is to give judgment in their favor for the price of the cotton and the costs; if he thinks it does not belong to plaintiffs, he is to give judgment in favor of the defendant for cost.

The Court gave judgment for the plaintiffs, and the defendant appealed to this Court.

*Mr. R. F. Armfield*, for the plaintiffs.
*Mr. M. L. McCorkle* (by brief), for the defendant.

MERRIMON, J., (after stating the case). It seems to us very plain, that the testator intended, by the clause of his will above recited, that his daughters should have the "use and benefit" of his land while they, or any two of them, should live together upon it—that is, that they should have the right to live upon, use and cultivate it, or have it cultivated, for their own exclusive benefit. There is nothing in the will that even suggests the contrary.

The plaintiffs are the three surviving daughters; they have lived upon the land together ever since the testator's death, and upon it they produced the cotton in question the year next after his death. It, so far as appears, was theirs absolutely. The defendant had no right to it whatever, for any purpose; nevertheless, he took and sold it for his own use. Obviously, the plaintiffs were entitled to recover.

The counsel for the appellant contended, on the argument, that the clause of the will mentioned, created a trust in favor of the plaintiffs, and inasmuch as a Justice of the Peace has not authority, ordinarily, to administer trusts, therefore he did not have jurisdiction of this action. This contention is unfounded. Neither the executor nor any other person is directed by the will to take charge of, supervise and control the property, collect the rents and pay the same to the daughters—no such provision appears in terms or

by implication. Indeed, it seems that the purpose of the testator was to provide a home for his daughters, and a means for their support; they were to have the use and benefit of the land; it was not intended that a trustee should let the land and hire the personal property, first to one person and afterwards to another, and account for the rents and hires.

No error.                              Judgment affirmed.